PUBLIC SERVICE ELECTRIC AND GAS COMPANY, PROSE-
CUTOR, v. VILLAGE OF RIDGEWOOD, DEFENDANT.

Argued January 18, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the prosecutor, *Frank Bergen*.

For the defendant, *Willard L. De Yoe*.

PER CURIAM.

The writ in this case brings up for review an alleged ordi-
nance enacted by a body calling itself the board of health of
the village of Ridgewood, in the county of Bergen, and en-
titled "An ordinance establishing rules and regulations for
plumbing, drainage, water supply and ventilation of build-
ings in the village of Ridgewood." This so-called ordinance
is attacked on several grounds, one of which is that at the
time it was attempted to be enacted, there was no legal board
of health of Ridgewood; secondly, if there was a legally con-
stituted board of health, it had no power to pass such an ordi-
nance; thirdly, that if there was a lawful board of health
and it had the power to pass a plumbing code, it had no power
to include therein provisions relating to the installation of
gas piping. These are all that need be mentioned for the

present; for their consideration, it will be necessary to give some general account of the facts.

Prior to 1911, Ridgewood had a board of health. In that year the Walsh act was enacted (*Pamph. L.* 1911, *p.* 462), and Ridgewood immediately adopted it. In November, 1911, after such adoption, the village undertook to establish a board of health under color of the Walsh act which, according to the decisions, it had no power to do. *Istvan* v. *Narr,* 84 *N. J. L.* 113. However, the board, so attempted to be established, seems to have continued to function *de facto,* although by the amendment of 1913 (*Pamph. L., p.* 581), existing boards and bodies were wiped out. *Corb* v. *Nutley,* 101 *N. J. L.* 50; *Schmeidler* v. *Atlantic City,* 4 *N. J. Adv. R.* 983. This legislation refers to boards existing at the time of adopting the act, and it may well be said that it had of itself no effect on the board that was undertaking to function under the ordinance of November, 1911; but it seems fairly plain that such ordinance created no valid new board when it was passed in 1911, and, if not, then certainly the act of 1913 did not give such *de facto* board any status.

This situation seems to have continued until 1925, when the commissioners undertook to amend the ordinance of 1911 in terms apparently intended to create an entirely new board. This seems to be an action of the board of commissioners of Ridgewood authorized by the Walsh act; and, while it is true that it purports to be merely an amendment to an ordinance probably inoperative, nevertheless, we see no reason why that fact should invalidate the amendment itself; as it has been held that a statute amending a repealed statute is to be given effect, if practicable. *Abrams* v. *Smith,* 98 *N. J. L.* 319, 320 ; *McDonald* v. *Freeholders, Ibid.* 388. For present purposes, we consider that by virtue of the amendment of 1925 a valid board of health was set up.

The next point is that, assuming such a board was in existence, it had no power to pass the present ordinance. We think this point is well taken. The supplement of 1913 to the Walsh act (at *p.* 581), transfers all powers and duties devolved by law upon said boards to the board of commissioners. The proviso in that statute saves the creation of

subordinate boards, but apparently does not purport to endow such subordinate boards with legislative powers. Hence, we conclude that only the commissioners themselves had power to pass a new health ordinance such as that now under consideration.

Whether the statute confers any specific power to deal with gas piping is an interesting question which, however, we think need not be decided. If such power exists, if there were a valid ordinance purporting to regulate gas fitting, in the manner prescribed by article 19 of the ordinance under review, it might well be said that gas fitters, whether working independently or under the employ of someone else, must obtain a license of the kind contemplated in such ordinance before undertaking to do gas fitting within the limits of the village; but no decision on this is required.

The conclusion that we have reached in this general attack upon the ordinance is that it is valid because not enacted by the board of commissioners, and on that ground the entire ordinance will be set aside.